KUHL *v.* REESE, Administrator

[No. 25, September Term, 1959.]

*Decided October 15, 1959.*

460

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*J. Louis Raap;* for appellant.

*W. Lee Thomas,* with whom were *Proctor, Royston & Mueller* on the brief, for appellee.

PER CURIAM.

This is another in the long series of cases to reach this Court involving joint savings accounts in the trust form. There were two accounts in different institutions, each in the name of the decedent, Mrs. Florence A. Kemler, and of the appellant, Mrs. Margaret A. Kuhl, as "joint owners, subject to the order of either, the balance at death of either to belong to the survivor." Each account was established on February 15, 1956, some eight months after the death of Mrs. Kemler's husband and when Mrs. Kemler was in ill health and soon after she had been hospitalized. The accounts in controversy were established by transfers from earlier accounts in like trust form in the names of Mr. and Mrs. Kemler.

The controversy is between the administrator of Mrs. Kemler and Mrs. Kuhl, the surviving party named in the accounts.

The sufficiency of the form here used as a declaration of a trust has been established in this State since *Milholland v. Whalen,* 89 Md. 212, 43 A. 43. That an entry in the form here used creates a presumption that a trust is intended to be created, and that the burden is upon the party contesting the validity of the trust and of the gift thereby made to rebut this presumption is also well settled. *Hancock v. Savings Bank of Baltimore,* 199 Md. 163, 85 A. 2d 770; *Whittington v.*

*Whittington,* 205 Md. 1, 106 A. 2d 72; *Tribull v. Tribull,* 208 Md. 490, 119 A. 2d 399; *Blair v. Haas,* 215 Md. 105, 137 A. 2d 145. It is, however, also firmly established that the presumption created by such a form of account is rebuttable. *Coburn v. Shilling,* 138 Md. 177, 113 A. 761; *Bollack v. Bollack,* 169 Md. 407, 415, 182 A. 317; *Ragan v. Kelly,* 180 Md. 324, 24 A. 2d 289; *Bierau v. Bohemian Building, Loan and Savings Ass'n.,* 205 Md. 456, 109 A. 2d 120; *Shook v. Shook,* 213 Md. 603, 132 A. 2d 460.

The Chancellor found on the evidence in the present case that, as a matter of fact, the presumption had been rebutted, that the account was established as a matter of convenience for Mrs. Kemler, who was in ill health, and that she had no intention to create a trust in favor of Mrs. Kuhl. After a careful review of the evidence, particularly the testimony of Mrs. Kemler's minister as to her intention, we think that it was more than sufficient to support this finding; certainly we could not hold that his finding on the facts was clearly erroneous. Accordingly, the decree will be affirmed. Maryland Rule 886.

*Decree affirmed, with costs.*